UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tasha Y. Lee,

    Plaintiff,

v.                                    Case No. 18-10018

Commissioner of Social Security,       Sean F. Cox
                                             United States District Court Judge

    Defendant.

_____/

**ORDER ADOPTING
1/15/19 REPORT AND RECOMMENDATION**

Plaintiff filed this action seeking judicial review of Defendant Commissioner of Social Security's unfavorable decision denying her claim for disability benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Mona K. Majzoub for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and a Report and Recommendation pursuant to § 636(b)(1)(B) and (C). Thereafter, the parties filed cross-motions for summary judgment.

On January 15, 2019, Judge Majzoub issued a Report and Recommendation ("R&R") (ECF No. 13) wherein she recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

1

judge's disposition to which specific written objection has been made." *Id*.

On January 24, 2019, Plaintiff filed timely objections to the R&R. (ECF No. 14). Defendant filed a response to those objections on January 29, 2019. (ECF No. 15).

Plaintiff's first objection is general and, therefore, waived. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Plaintiff's second objection is that Judge Majzoub erred in concluding that the Administrative Law Judge's ("ALJ") reasoning at Step Three meets the standard set forth in *Reynolds v. Comm'r of Soc. Sec.*, 424 F.App'x 411, 416 (6th Cir. 2011). However, "Sixth Circuit case law subsequent to *Reynolds* has taken a different approach." *Fronczak v. Berryhill*, 2017 WL 3773236 at *3 (E.D. Mich. Aug. 7, 2017), *rep. & rec. adopted*, 2017 WL 3727317 (E.D. Mich. Aug. 30, 2017). In *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014), the Sixth Circuit upheld an ALJ's Step Three determination where he "made sufficient factual findings elsewhere in his decision to support his conclusion at step three." Applying *Forrest*, Judge Majzoub determined that "the ALJ discussed Plaintiff's impairments in specific enough terms later in his decision to make it clear that Plaintiff did not meet the criteria of Listings 1.02A and 1.04A." (ECF No. 13, PageID 1475-1477). The Court agrees with Judge Majzoub's application of *Forrest*, and overrules Plaintiff's objection.

Next, Plaintiff objects to Judge Majzoub's conclusion that she was simply pointing to evidence that could support a determination contrary to that of the ALJ and inviting the court to reweigh the evidence. The Court agrees with this characterization and Judge Majzoub's conclusion that, regardless of whether Plaintiff was asking the court to reweigh the evidence, "of the more than fifty records cited by Plaintiff, none of them, viewed singly or in combination, demonstrate that

Plaintiff experienced the simultaneous presence of all the medical criteria in Listing 1.04A for a continuous period of at least 12 months during the alleged disability period, as is required to meet the Listing." (ECF No. 13, PageID 1478-1479). The Court overrules this objection.

Plaintiff's fourth objection is that Judge Majzoub incorrectly concluded that she had waived any argument that the ALJ erred in not finding that her anxiety and depression were severe. The Court agrees with Judge Majzoub that Plaintiff did not adequately articulate an argument specific to anxiety and depression, and overrules this objection. The Court overrules this objection.

Plaintiff next objects to "the suggestion at Page 15 of the Magistrate Judge's Report and Recommendation that the [ALJ]'s mention of why the Taylor Psychological Services were discontinued in any way amounts to the [ALJ] having 'discussed and assessed Plaintiff's mental health records.'" But "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party," *Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 507-508 (6th Cir. 2006), and the ALJ's reference to the Taylor Psychological Services indicates that he considered Plaintiff's mental health records. The Court overrules this objection.

Plaintiff next objects "to the Magistrate Judge's Report and Recommendation as it relates to the need for a consultative examination." However, as Judge Majzoub noted, an ALJ need not order consultative examination "unless the record establishes that such an examination is necessary for the ALJ to make the disability decision." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). Plaintiff did not establish that such an examination was necessary. (ECF No. 13, PageID 1480-1482). The Court overrules this objection.

Plaintiff's seventh objection relates to Judge Majzoub's conclusion that "[a]t most, Plaintiff

leaves the [ALJ] and the court to speculate with regard to any possible limitations related to her mental impairments." In her objection, however, Plaintiff fails to point to any additional evidence of mental limitation that should have been assessed and was not. The Court agrees with Judge Majzoub's analysis and conclusion, and overrules this objection.

Plaintiff's eighth objection is to Judge Majzoub's conclusion that the ALJ's determination limited Plaintiff's pushing and pulling, not only to weight, but also to frequency. Judge Majzoub concluded that "[t]he ALJ limited Plaintiff to the same frequency of pushing and pulling as lifing and carrying, which sedentary work defines as occasional." The Court agrees with Judge Majzoub's interpretation of the ALJ's determination, and overrules the objection.

Plaintiff's ninth objection is to Judge Majzoub's conclusion that "the ALJ's RFC assessment requires that Plaintiff have the *option* to alternate between sitting and standing every 20 minutes; it does not *require* Plaintiff to stand every twenty minutes, or for four hours a day." (ECF No. 13, PageID 1485) (emphasis in original). The Court agrees with this conclusion and the analysis that Judge Majzoub applied to reach it. *See* ECF No. 1484-1485. The Court overrules this objection.

Plaintiff's tenth objection is to Judge Majzoub's conclusion that, although the ALJ misstated Dr. Gross's findings regarding swelling, "the [ALJ] adequately considered Plaintiff's swelling and asserted need for ice elevation." Plaintiff argues that the reviewing court is left to guess whether a correct understanding fo Dr. Gross's report would have changed the ALJ's findings. However, as Judge Majzoub noted, the ALJ "assessed greater limitations to Plaintiff's RFC than those assessed by Dr. Gross. (ECF No. 13, PageID 1485). Thus, the Court overrules this objection.

Plaintiff's eleventh objection is to Judge Majzoub's conclusion that the ALJ's characterization of the condition of Plaintiff's left ankle was not inaccurate. But Plaintiff does not

4

address the record evidence cited by Judge Majzoub to reach this conclusion. *See* ECF No. 13, PageID 1486.  As Judge Majzoub noted, even the evidence that Plaintiff cited in her motion for summary judgment indicated that she had "done quite well" post-surgery. *Id*.  The Court overrules this objection.

Finally, Plaintiff objects to Judge Majzoub's conclusion that the ALJ's opinion is supported by substantial evidence. As noted by Judge Majzoub, Plaintiff does cite evidence that is favorable to her position but, "essentially invites the court to reweigh the evidence and substitute its own judgment for that of the ALJ." (ECF No. 13, PageID 1487).  The Court agrees with Judge Majzoub's conclusion that "[a]t most, Plaintiff has shown that the ALJ's decision falls within the ALJ's zone of choice, where, if the ALJ's decision is supported by substantial evidence, it must be affirmed, even if substantial evidence also supports the opposite conclusion." (ECF No. 13, PageID 1488) (citing *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).  The Court overrules this objection.

Accordingly, the Court hereby **ADOPTS** the January 15, 2019 R&R and **ORDERS** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  March 6, 2019